UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TYRONE MICHAEL STROTHER,                    Case No. 20-CV-1709 (PJS/HB)

          Petitioner,

v.                                          ORDER

TRACY BELTZ, Warden, Minnesota
Correctional Facility Faribault,

          Respondent.

      Tyrone Michael Strother, pro se.

      This matter is before the Court on petitioner Tyrone Michael Strother's motion for a writ of mandamus (in which he named "State of Minnesota Corporate Courts" as defendant), as well as his motion to amend his motion for a writ of mandamus. ECF Nos. 46, 51. The Court denies both motions.

      Strother initially filed a habeas petition on August 5, 2020. ECF No. 1. In a Report and Recommendation ("R&R") dated May 17, 2021, Magistrate Judge Hildy Bowbeer recommended dismissing Strother's petition. ECF No. 30. Judge Bowbeer concluded that some of Strother's claims were procedurally defaulted and that his remaining claims should be rejected on the merits. *Id.* The Court adopted the R&R over Strother's objections on June 23, 2021, and dismissed his lawsuit. ECF No. 36. Two months later, Strother appealed the Court's order to the Eighth Circuit, ECF No. 38, and

the Eighth Circuit dismissed the appeal on October 4, 2021, ECF No. 44. Strother filed the pending motion for a writ of mandamus on January 3, 2023, ECF No. 46, and before the Court ruled on his motion, he moved to amend it on February 6, 2023, ECF No. 51.

In his initial motion for a writ of mandamus (ECF No. 46), Strother asks the Court to vacate and set aside his state-court conviction. His motion is difficult to understand, but he appears to attack his state-court conviction for some of the same reasons he raised in his initial habeas petition. *See generally id.* Strother's motion to amend the mandamus motion lists six reasons why the Court should issue a writ of mandamus:

> 1) The lower courts refuse to take proper legal action according to how procedures are set in the Minnesota Rules of Court. 2) The lower courts are in violation of the U.S. Constitution, and the Minn. Constitution. 3) The lower courts are utilizing practices that question the integrity of the judicial system. 4) Granting the Writ of Mandamus would be in the best interests of the law. 5) The Courts previously have committed (Plain Error) abuse of discretion, prosecutorial misconduct, and have displayed malicious prosecution. 6) 5 ½ years have already been served on this sentence.

ECF No. 51 at 2.

Given that judgment was long ago entered in this case, the Court will construe Strother's motions to seek relief from that judgment under Fed. R. Civ. P. 60(b). *See*

*Lucas v. Sinnott*, C.A. No. 09–187 Erie, 2010 WL 1375398, at *1 (W.D. Pa. Apr. 6, 2010) (construing habeas petition styled as writ of mandamus as Rule 60 motion).

Rule 60(b) identifies several grounds on which a district court may "relieve a party . . . from a final judgment," including "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), "newly discovered evidence," *id.* 60(b)(2), and "any other reason that justifies relief," *id.* 60(b)(6). The latter applies only in "extraordinary circumstances suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (citation and quotation marks omitted).

Relief under Rule 60(b)(1) and (2) is now time barred, *see* Fed. R. Civ. P. 60(c)(1) (requiring a motion brought pursuant to Rule 60(b)(1), (2), or (3) to be filed "no more than a year after the entry of judgment or order"), and neither Strother's original motion for a writ of mandamus or his motion to amend that mandamus motion establishes an extraordinary circumstance that would justify relief under Rule 60(b)(6). Instead, to the extent that the Court can understand the motions, they simply repeat arguments that Strother made in his initial habeas petition. Accordingly, the Court denies his motions. *See Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (noting that Rule 60(b) "is not a vehicle for simple reargument on the merits").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT petitioner Tyrone Michael Strother's motion for writ of mandamus [ECF No. 46] and motion to amend motion for writ of mandamus [ECF No. 51] are DENIED.

Dated: February 10, 2023                     s/Patrick J. Schiltz
                                                                           Patrick J. Schiltz, Chief Judge
                                                                           United States District Court